Filed: 10/28/2015 7:51:09 AM
Sharena Gilliland
District Clerk
Parker County, Texas
Jason Nowak

CAUSE NO. CV15-1378 _____

| | | |
|---|---|---|
| THOMAS AND SUSAN DAVIS | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | Parker County - 415th District Court |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS AND | § | |
| CHARLES RAY BALLEW | § | |
| Defendants. | § | PARKER COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, THOMAS AND SUSAN DAVIS files this Original Petition against Defendant STATE FARM LLOYDS ("Insurance Defendant") and CHARLES RAY BALLEW ("Adjuster" or "Ballew") for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Parker County, Texas because all or part of the conduct giving rise to the causes of action were committed in Parker County, Texas, and the Plaintiffs property which is the subject of this suit is located in Parker County, Texas.

### III. PARTIES

Plaintiffs reside at 404 Shaes Turn Unit B, Aledo, Parker County, Texas 76008.

Defendant STATE FARM LLOYDS is in the business of insurance in the State of Texas. The insurance business done by STATE FARM LLOYDS in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

**EXHIBIT C**

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

Defendant, STATE FARM LLOYDS, may be cited with process ***by Certified Mail Return Receipt Requested in c/o Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.***

Defendant, CHARLES RAY BALLEW, is an Adjuster and he may be served with process at 530 Hill Avenue, Rusk, Texas 75785, ***by a private process server.*** The Adjuster engages in the business of insurance in Texas.

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiffs' residence. Plaintiffs seek damages for negligence, breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and common law bad faith. Plaintiffs also seek attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### V. BACKGROUND FACTS

Plaintiffs' home is covered by Policy No. 85-UJ-8548-6, which the Insurance Defendant sold to Plaintiffs (the "Policy"). The Policy covered the Plaintiffs' home against loss by wind and water damage, among other perils.

As a consequence of a storm, the Plaintiffs' home sustained extensive damage.

Plaintiffs have performed all conditions precedent to its recovery under the Policy.

Plaintiffs gave timely notice to the carrier. The carrier assigned the claim to Ballew, among others, to investigate, report on and adjust the loss.

Plaintiffs provided information to the Adjuster and opportunities for the Adjuster to inspect the business building.

The Insurance Defendant and Adjuster have failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

Plaintiffs have suffered property damage which has not been paid, even though the amounts are well-established and have been provided to the Insurance defendant and the Adjuster.

The Insurance Defendant has failed to make an attempt to settle Plaintiffs' claim in a fair manner, although its liability to the Plaintiffs under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

The Insurance Defendant and the Adjuster have failed to explain the reasons for its offer of an inadequate compensation. The Insurance Defendant and the Adjuster have failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made. The Insurance Defendant and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

The Insurance Defendant and the Adjuster have failed to affirm or deny coverage within a reasonable time. Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from the Insurance Defendant or the Adjuster in a timely manner. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(4).

The Insurance Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though the Insurance Defendant failed to conduct a reasonable investigation. The Insurance Defendant and the Adjuster performed a result-oriented investigation of Plaintiffs' claim which resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

The Insurance Defendant and the Adjuster failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

The Insurance Defendant and the Adjuster failed to accept or deny Plaintiffs' full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

The Insurance Defendant and the Adjuster forced Plaintiffs to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

The Insurance Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

## VI. CLAIMS AGAINST STATE FARM LLOYDS

**Declaratory Judgment.** Plaintiffs re-allege the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiffs are entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the

alternative, Plaintiffs assert that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendant.

**Breach of Contract.** Plaintiffs re-allege the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Plaintiffs. Plaintiffs have satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiffs bring an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, the Insurance Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).
3. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle their claim with respect to another portion of the policy;

5

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

Where statements were made by the Insurance Defendant, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code. The Insurance Defendant has also violated the Prompt Payment Act, and Plaintiffs seek 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.** Plaintiffs re-allege the foregoing paragraphs. At all times pertinent, Plaintiffs were a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

The Insurance Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;

- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiffs into purchasing the Policy; and/or

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiffs' purchase of and claim under the Policy. Plaintiffs relied on the false, misleading and deceptive acts and practices as above alleged to their detriment, and the conduct described above was the producing cause of injury and damage to Plaintiffs. As a result of the foregoing conduct, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiffs will seek treble damages pursuant to DTPA Section 17.50(b)(1).

"**Common Law Bad Faith.**" Plaintiffs re-allege the foregoing paragraphs. The Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiffs. This constitutes a breach of its common law duty of good faith and fair dealing' i.e., it is acting in "bad faith."

Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiffs' claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiffs are entitled to extra-contractual damages, including exemplary damages. Plaintiffs have sustained serious damage to their property as a result of the Insurance Defendant's refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiffs will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent

to Plaintiffs' rights. Plaintiffs are entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

## VII. CLAIMS AGAINST THE ADJUSTER

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the Adjuster, Ballew, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Ballew and his agents constitute one or more violations of the Texas Insurance Code. More specifically, Ballew has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle their claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to Ballew who was at all pertinent times the agent of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of the Adjuster are attributed to the Insurance Defendant.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Ballew failed and refused to adjust the claim properly. Ballew failed to inspect the property and the damages, failed to request information, failed to fully investigate the claim, failed to respond to requests for information from Plaintiffs, failed to timely evaluate the claim, failed to timely estimate the claim, and, failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant.

Plaintiffs provided information regarding the loss and the claim to Ballew. Plaintiffs allowed Ballew full and complete access to the home. Plaintiffs provided sufficient information to Ballew to adjust and evaluate the loss. Plaintiffs made inquiries regarding the status of the loss and payment. Ballew failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result, to this date, Plaintiffs have not received full payment for the claim.

Ballew's actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

Where statements were made by Ballew, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

Upon information and belief, STATE FARM LLOYDS relied solely on Ballew's estimate and recommendation in making payment on Plaintiffs' claim. Thus, Ballew was responsible for scoping, adjusting, and estimating the claim. Ballew's failure to properly scope and estimate the loss directly led to the underpayment of Plaintiffs' claim. As a result of Ballew's conduct, the

Insurance Defendant significantly underpaid the claim. Ballew's estimate failed to address all of the damage caused by the storm.

**Attorney's fees.** Plaintiffs re-allege the foregoing paragraphs. Plaintiffs have been required to engage the services of the undersigned attorneys and have agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against the Insurance Defendant through the trial court and all levels of the appellate process. Plaintiffs seek the recovery of all of its attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiffs seeks the recovery of prejudgment and post-judgment interest.

### VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiffs to recover under the Policy have been or will be met.

### IX. JURY DEMAND

Plaintiffs request that a jury be convened to try the factual issues in this action.

### X. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants provide the information required in a Request for Disclosure.

### XI. REQUEST FOR PRODUCTION TO STATE FARM LLOYDS

Produce State Farm Lloyds' complete claim file for Plaintiffs' home relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between State Farm Lloyds, its agents, Adjusters, employees, or representatives and Charles Ray Ballew and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' home which is the subject of this suit.

## XII. REQUEST FOR PRODUCTION TO CHARLES RAY BALLEW

Produce Ballew's complete claim or adjusting file for Plaintiffs' home relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between Stare Farm Lloyds, its agents, Adjusters, employees, or representatives and Charles Ray Ballew and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' home which is the subject of this suit.

## XIII. PRAYER

WHEREFORE, Plaintiffs seek the following relief:

A.  The Court's declaration that the Policy provides coverage for the damage to the home, less only a deductible;

B.  Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiffs;

C.  Damages against the Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.  Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.  Damages against the Insurance Defendant and Adjuster, jointly and severally, for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against the Insurance Defendant and Adjuster, jointly and severally, for violations of the Texas Deceptive Trade Practices Act, including without limitation economic

damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

G. Damages against the Insurance Defendant and the Adjuster, jointly and severally, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

H. Plaintiffs also seek all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

*/s/ Matthew R. Pearson*

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com

GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

ATTORNEYS FOR PLAINTIFFS

12

State of Texas  }
County of Parker }

I certify that the foregoing, consisting of 12 pages, is a true, correct and complete copy of the instrument recorded in my possession. This 23 day of November, 2015.

SHARENA GILLILAND, DISTRICT CLERK

By: Linda Padilla, Deputy